Death Opinion






 








IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






PD-0309-12





STELLA MARIE DEBLANC, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE NINTH COURT OF APPEALS


JEFFERSON COUNTY






 Per curiam.


O P I N I O N



 

 Appellant was charged in the instant case, cause number 10-08289, with burglary
of a habitation. She was also charged with burglary of a habitation in cause number 10-08203. Pursuant to a plea bargain, she pled guilty to both, guilt was deferred, and she was
placed on community supervision for five years. The State later filed a motion to revoke
in each case. At the revocation hearing, the court separately addressed each cause
number, and separately adjudicated guilt and announced sentence. According to the court
reporter's record, in each case, the court announced a sentence of twenty years'
confinement. After announcing the sentence in the second case, the court stated that the
sentences would run consecutively. However, the signed judgment in the instant case
states that the term of confinement is twelve years.

 On appeal, appellant claimed the trial court erred by ordering that the sentences
run consecutively. The court of appeals held that because the two cases were not
prosecuted in a single criminal action, the trial court did not err by ordering the sentences
to run consecutively. DeBlanc v. State, Nos. 09-11-00299-CR, 09-11-00300-CR slip op.
at 4 (Tex. App.-Beaumont Feb. 8, 2012)(designated do not publish). The court then sua
sponte noted the variance between the oral pronouncement of twenty years and the
written judgment of twelve years in the instant case. Following case law which holds that
the oral pronouncement controls in cases of conflict with the written judgment, the court
of appeals reformed the written judgment to delete "TWELVE (12)" and substitute
"TWENTY (20)" years of confinement. Id. at 4-5.

 Appellant has filed a petition for discretionary review in which she disputes the
accuracy of the reporter's record concerning the trial court's oral pronouncement of the
sentence. She claims she was deprived of due process of law by the court of appeals's sua
sponte reformation. Appellant essentially claims the sentence she heard pronounced in the
courtroom was twelve years, yet she is now required to serve a twenty year sentence. She
is entitled to an opportunity to be heard on this claim. Cf. Ex parte Madding, 70 S.W.3d
131, 136-37 (Tex. Crim. App. 2002). 

 We grant appellant's petition for discretionary review, vacate the judgment of the
court of appeals, and remand this case to that court to take appropriate action pursuant to
Texas Rule of Appellate Procedure 34.6(e)(3).


DELIVERED: April 25, 2012

DO NOT PUBLISH